## Veterans' Compensation

JEROME H. GERBER, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, July 24, 1959.— You have requested an opinion of this department regarding the propriety of the Pennsylvania World War II Veterans' Compensation Bureau paying compensation to a particular former serviceman.

This exserviceman had the following record of service:

| Enlisted or Inducted | Separated | Type of Separation or Discharge |
| --- | --- | --- |
| December 7, 1941 | May 25, 1942 | Honorable Discharge |
| May 26, 1942 | October 31, 1944 | Separated from military [1] service without specification as to the character of the discharge |
| March 5, 1945 | May 1, 1945 | Honorable Discharge |
| April 23, 1946 | December 9, 1948 | Undesirable Discharge |

The World War II Veterans' Compensation Act of June 11, 1947, P. L. 565, as amended, 51 PS §§455.1 to 457.10, provides for the payment of compensation to veterans who are legal residents of the Commonwealth at a rate of $10 per month for domestic service and $15 per month for foreign duty. The term "veteran" is defined in section 2 of the act, 51 PS §455.2, as any individual who served in the armed forces of the United States, or its allies, during World War II, December 7, 1941, to September 2, 1945. This section excludes from the definition "any individual at any time during such periods, or thereafter, separated from such forces under other than honorable conditions . . ."

---

[1] This represents the only information available in the files of the Department of the Army.

The first question that we must consider, therefore, is whether the undesirable discharge given to the former serviceman in question disqualifies him from receiving the compensation. It should be noted that the undesirable discharge was awarded to the exserviceman at the conclusion of a period of service all of which postdated the actual hostilities of World War II. It has been uniformly held that the type of discharge reflects the administrative determination by the armed forces of the character of service rendered by the serviceman in the particular enlistment terminated by the discharge.

An undesirable discharge does not relate back to taint honorable service in a prior enlistment.[2]

A second problem arises in regard to the period of service from May 26, 1942, to October 31, 1944. Although the exserviceman in question was separated from the service on the latter date, there was no specification as to the character of the discharge. We do not believe that this fact is sufficient to disqualify him from receiving the benefits of the act. The man in question initially qualifies under the definition of the word "veteran" by reason of his wartime service in the military service of the United States. In order to bring him within the exception there must be an affirmative showing that the discharge was under other than honorable conditions. This cannot be shown

---

[2] When section 2 of the act excludes from the definition of veteran "any individual . . . *thereafter*, separated from such forces under other than honorable conditions . . .", we believe that the word "thereafter" was inserted to cover the situation where an enlistment began during the hostilities and was terminated following the close of hostilities by other than honorable discharge. In such case, since a single enlistment is involved, the bad discharge would taint the entire single period of service, i.e., both the wartime and postwar service. In the facts set forth in the request for opinion, however, we have a distinct and separate postwar enlistment and the word "thereafter" should not apply.

and we should not presume this disqualifying feature. Statutes, such as these, should be liberally construed in favor of the former serviceman: Dierkes v. City of Los Angeles, 25 Cal. 2d 938, 156 P. 2d 741 (1945); Gibson v. City of San Diego, 25 Cal. 2d 930, 156 P. 2d 737 (1945); Official Opinion No. 35, dated December 2, 1957.

One further question remains. Section 3 of the act, 51 PS §455.3, states that: "No veteran who served less than sixty (60) days active service shall be entitled to receive any compensation under this act." We note that the third period of wartime service of the exserviceman in question was from March 5, 1945, to May 1, 1945, a period of less than 60 days. If this were his only period of wartime service he would clearly be ineligible to receive any compensation. However, as we interpret the quoted sentence, the disqualification arises only when the veteran's total wartime service is less than 60 days. Where, as here, there were other enlistments, we can combine all of such enlistments[3] to determine if the period of wartime service exceeded 60 days.

It is therefore the opinion of this department and you are accordingly advised that:

(1) An exserviceman who is separated from one period of postwar service under other than honorable conditions is not disqualified from receiving benefits under the World War II Veterans' Compensation Act for prior qualifying periods of wartime service.

(2) An exserviceman who was separated after a period of wartime service without a characterization of the discharge is not disqualified from receiving the benefits of the act for such period of service.

---

[3] Provided that such enlistments qualify the individual under section 2 of the act, supra, e.g., the individual was not separated under other than honorable conditions.

(3) Where an exserviceman has served during more than one period of qualifying wartime service, these periods may be aggregated to remove him from the minimum 60 days' service limitation.

(4) Under the facts given above, the exserviceman in question would be entitled to compensation under the act for the periods December 7, 1941, to October 31, 1944, and from March 5, 1945, to May 1, 1945.